IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STATES STEEL CORPORATION, | ) ) ) |
| Petitioner, | ) ) ) Case No. 24-1172 |
| v. | ) ) |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, and MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency, | ) ) ) ) ) |
| Respondents. | |

## PETITION FOR REVIEW

Pursuant to Section 307 of the Clean Air Act, 42 U.S.C. § 7607, 5 U.S.C. §§ 701-706, Rule 15 of the Federal Rules of Appellate Procedure, and Circuit Rule 15, United States Steel Corporation ("U. S. Steel") hereby petitions this Court for review of the final action of the United States Environmental Protection Agency ("EPA") denying in part U. S. Steel's petition for administrative reconsideration of EPA's Federal Good Neighbor Plan for the 2015 Ozone National Ambient Air Quality Standards, entitled: "Partial Denial of Petitions for Reconsideration: Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards," and which was published in the *Federal Register* at 89 Fed. Reg. 23526 (April 4,

2024) ("Reconsideration Decision").  A copy of the Reconsideration Decision is attached as Exhibit A.

This Court has jurisdiction for this action pursuant to 42 U.S.C. § 7607(b)(1). This petition is timely filed within 60 days from the date notice of promulgation of the Reconsideration Decision was published in the Federal Register.

Respectfully submitted,

/s/John D. Lazzaretti
John D. Lazzaretti
SQUIRE PATTON BOGGS (US) LLP
1000 Key Tower
127 Public Square
Cleveland, Ohio 44114
*Telephone*:  (216) 479-8500
*Facsimile*:  (216) 479-8780
*Email:*  john.lazzaretti@squirepb.com

Counsel for Petitioner

Dated:  June 3, 2024

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STATES STEEL CORPORATION, | ) ) ) |
| Petitioner, | ) ) ) Case No. 24-1172 |
| v. | ) ) |
| U.S. ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, ADMINISTRATOR, | ) ) ) ) |
| Respondents. | |

**RULE 26.1 DISCLOSURE STATEMENT OF PETITIONER UNITED STATES STEEL CORPORATION**

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Rule 26.1, Petitioner, United States Steel Corporation ("U. S. Steel"), makes the following statement:

U. S. Steel is organized under the laws of Delaware and its corporate headquarters are located at 600 Grant Street, Pittsburgh, PA 15219.

U. S. Steel produces iron and steel products for the automotive, construction, appliance, energy, containers, and packaging industries.

U. S. Steel is a publicly held company. U. S. Steel has no parent company. No publicly held company has 10% or greater ownership interest in U. S. Steel.

Respectfully submitted,

  /s/John D. Lazzaretti
John D. Lazzaretti
SQUIRE PATTON BOGGS (US) LLP
1000 Key Tower
127 Public Square
Cleveland, Ohio 44114
*Telephone*: (216) 479-8500
*Facsimile*: (216) 479-8780
*Email:* john.lazzaretti@squirepb.com

*Counsel for Petitioner United States Steel Corporation*

Dated: June 3, 2024

# ATTACHMENT A

Partial Denial of Petitions for Reconsideration: Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards

* * * * *

[FR Doc. 2024–06940 Filed 4–3–24; 8:45 am]
**BILLING CODE 6560–50–P**

## ENVIRONMENTAL PROTECTION AGENCY

**40 CFR Parts 52, 75, 78, and 97**

[EPA–HQ–OAR–2021–0668; FRL–11810–01–OAR]

### Partial Denial of Petitions for Reconsideration: Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Notification of action partially denying petitions for reconsideration and administrative stays.

**SUMMARY:** The Environmental Protection Agency (EPA) is providing notice that it has responded to petitions for reconsideration and administrative stay of a final action under the "good neighbor" or "interstate transport" provision of the Clean Air Act (CAA) published in the **Federal Register** on June 5, 2023, titled "Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards" ("Good Neighbor Plan"). In August 2023, the EPA received the four petitions addressed by this action, which seek reconsideration of the Good Neighbor Plan in part on the basis of stays pending judicial review as to certain States issued after the Good Neighbor Plan was promulgated. The EPA is partially denying these four petitions as to this basis. The basis for EPA's action is set out fully in an enclosure accompanying the response letters, available in the docket for this action. Because the EPA is denying the reconsideration requests, the EPA is also denying associated requests to stay the Good Neighbor Plan filed by two of the four petitioners. At this time, the EPA is not addressing other grounds for reconsideration of the Good Neighbor Plan that have been raised by these or other petitioners.

**DATES:** April 4, 2024.

**FOR FURTHER INFORMATION CONTACT:** Mr. Thomas Uher, U.S. Environmental Protection Agency, Office of Air Quality Planning and Standards, Air Quality Policy Division, 109 T.W. Alexander Drive, Mail Code C539–04, Research Triangle Park, NC 27711; phone number: (919) 541–5534; email address: *uher.thomas@epa.gov.*

**SUPPLEMENTARY INFORMATION:**

## I. Where can I get copies of this document and other related information?

A copy of this **Federal Register** document, the petitions,[1] the letters denying the four petitions and the accompanying enclosure [2] describing the full basis for the partial denial of these petitions and associated stay requests, and other materials related to this action are available in the docket that the EPA established for the Good Neighbor Plan rulemaking, under Docket ID No. EPA–HQ–OAR–2021–0668.

All documents in the docket are listed at *https://www.regulations.gov.* Some information may not be publicly available, *i.e.,* Confidential Business Information or other information whose disclosure is restricted by statute. Certain other material, such as copyrighted material, is not placed on the internet and will be publicly available only in hard copy form. Publicly available docket materials are available either electronically at *https://www.regulations.gov* or in hard copy at the U.S. Environmental Protection Agency, EPA Docket Center, William Jefferson Clinton West Building, Room 3334, 1301 Constitution Ave. NW, Washington, DC. The Public Reading Room is open from 8:30 a.m. to 4:30 p.m., Monday through Friday, excluding legal holidays. The telephone number for the Public Reading Room is (202) 566–1744, and the telephone number for the Office of Air and Radiation Docket is (202) 566–1742.

---

[1] The four petitions are styled respectively as: Petition for Reconsideration and Stay of the Final Rule: Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards submitted on behalf of United States Steel Corporation; Petition for Reconsideration and Stay of the Final Rule: Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards submitted on behalf of ALLETE, Inc. d/b/a Minnesota Power; Northern States Power Company—Minnesota; Great River Energy; Southern Minnesota Municipal Power Agency; Cleveland-Cliffs, Inc.; and United States Steel Corporation (collectively the "Minnesota Good Neighbor Coalition"); Petition for Reconsideration of the Final Rule for the Promulgation of Air Quality Implementation Plans; State of Arkansas; Federal "Good Neighbor Plan" for the 2015 8-Hour Ozone National Ambient Air Quality Standards submitted on behalf of the Arkansas Department of Energy & Environment, Division of Environmental Quality (DEQ); and Administrative Petition for Reconsideration of the Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards submitted on behalf of Hybar LLC.

[2] *See* "The EPA's Basis for Partially Denying Petitions for Reconsideration of the Good Neighbor Plan On Grounds Related to Judicial Stays of the SIP Disapproval Action as to 12 States."

## II. Description of Action

On March 15, 2023, the EPA promulgated the Good Neighbor Plan, which established Federal implementation plan (FIP) requirements for sources in 23 States to address "good neighbor" obligations under CAA section 110(a)(2)(D)(i)(I) for the 2015 ozone NAAQS. Following the finalization and publication of the Good Neighbor Plan, several parties filed petitions with the EPA seeking reconsideration and/or an administrative stay of the Good Neighbor Plan, pursuant to either the Administrative Procedure Act, 5 U.S.C. 705, or CAA Act section 307, 42 U.S.C. 7607. Four of these petitions expressly sought reconsideration by the Agency specifically on grounds related to the issuance of partial judicial stay orders of the separate State implementation plan (SIP) disapproval action (88 FR 9336; Feb. 13, 2023) that had been entered as to several of the States covered by the Good Neighbor Plan.

In the denial letters, the EPA explains that it is partially denying these four petitions for reconsideration, because the objections are not "centrally relevant" to the Good Neighbor Plan in the sense that, having considered the two issues raised in relation to the judicial stays, the EPA found they provide no basis on which the Good Neighbor Plan should be modified or withdrawn. The enclosure to the denial letters articulates the rationale for the EPA's final response and is available in the docket for this action.

## III. Judicial Review

This final action may be challenged in the United States Court of Appeals for the District of Columbia Circuit. Pursuant to CAA section 307(b)(1), petitions for judicial review of this action must be filed in that court within 60 days after the date notice of this final action is published in the **Federal Register**.

CAA section 307(b)(1) governs judicial review of final actions by the EPA. This section provides, in part, that petitions for review must be filed in the D.C. Circuit: (1) when the Agency action consists of "nationally applicable regulations promulgated, or final actions taken, by the Administrator," or (2) when the Agency action is locally or regionally applicable, if "such action is based on a determination of nationwide scope or effect and if in taking such action the Administrator finds and publishes that such action is based on such a determination." Numerous petitions for review of the Good Neighbor Plan are currently proceeding

before the D.C. Circuit. For the same reasons that the D.C. Circuit is the appropriate venue for challenges to the Good Neighbor Plan, it is also the appropriate venue for any challenges to this final action.

This action is ''nationally applicable'' within the meaning of CAA section 307(b)(1) because it denies petitions to reconsider and stay the Good Neighbor Plan, which is itself a nationally applicable action. 88 FR 36654 at 36860; *see also* Order, *Kentucky Energy and Environment Cabinet* v. *EPA,* No. 23–3605 (6th Cir. Nov. 9, 2023). On its face, the Good Neighbor Plan is nationally applicable because it applies nationally consistent standards and uniform methodologies to 23 States located in ten of the eleven regional Federal judicial circuits across the Nation. 88 FR 36654 at 36860. Although the Good Neighbor Plan is temporarily stayed in 12 States as a result of pending litigation, *see* notes 4 and 5 *supra,* these temporary stays do not alter the rule's national applicability.[3] This denial is likewise nationally applicable because the result of this partial denial of the four petitions identified herein is that the existing Good Neighbor Plan remains in place and undisturbed—and because any judicial order disturbing the EPA's reasoning herein would impact sources, states, and other parties across multiple judicial circuits.

In the alternative, to the extent a court finds this action or a relevant portion thereof to be locally or regionally applicable, the Administrator hereby makes and publishes a finding that the action is based on several determinations of ''nationwide scope or effect'' within the meaning of CAA section 307(b)(1). These determinations, which lie at the core of this action and are the primary aspects of the Good Neighbor Plan that petitioners ask the EPA to reconsider, include: the determination that the Good Neighbor Plan is lawful and implementable as applied in any individual state even if it is not in effect for any other particular State or group of States; the determination that the Good Neighbor Plan is premised on a series of national-scale analyses that are not limited in scope to any particular geography or group of States; and the determination that the Good Neighbor Plan need not be reconsidered as to any group of sources or States on the basis that publication of the Good Neighbor Plan in the **Federal Register** occurred following the issuance of preliminary judicial stay orders as to several States.

**Michael S. Regan,**

*Administrator.*

[FR Doc. 2024–06912 Filed 4–3–24; 8:45 am]

**BILLING CODE 6560–50–P**

---

## FEDERAL COMMUNICATIONS COMMISSION

### 47 CFR Part 2

[WT Docket No. 19–348; DA 24–233; FRS 212104]

### Facilitating Shared Use in the 3100–3550 MHz Band; Correction

**AGENCY:** Federal Communications Commission.

**ACTION:** Correcting amendment.

**SUMMARY:** The Federal Communications Commission published a document in the **Federal Register** of March 25, 2024, concerning a non-substantive, editorial revision made by the Wireless Telecommunication Bureau and the Office of Engineering and Technology (WTB/OET) to the Table of Frequency Allocations in the Commission's Rules (Table 22), which identifies coordinates for Department of Defense Cooperative Planning Areas (CPAs) and Periodic Use Areas (PUAs). The document contained an incorrect instruction regarding the revision to Table 22. This document sets out the correct instruction to amend Table 22.

**DATES:** Effective April 4, 2024.

**FOR FURTHER INFORMATION CONTACT:** Thomas Reed, Wireless Telecommunications Bureau, Mobility Division, (202) 418–0531 or *Thomas.reed@fcc.gov.* For information regarding the Paperwork Reduction Act (PRA) information collection requirements, contact Cathy Williams, Office of Managing Director, at 202–418–2918 or *cathy.williams@fcc.gov.*

**SUPPLEMENTARY INFORMATION:**

### Correction

In the **Federal Register** of March 25, 2024, 89 FR 20548, WTB/OET deleted as redundant, the Norfolk, Virginia Cooperative Planning Area (Norfolk CPA) from the list of CPAs and PUA's in Table 22, and renamed the Norfolk CPA, the Newport News-Norfolk CPA/PUA. However, the amendment in instruction 2 could not be incorporated as instructed. This document corrects the instruction to amend Table 22.

### List of Subjects in 47 CFR Part 2

Administrative practice and procedures, Common carriers, Communications, Communications common carriers, Communications equipment, Disaster assistance, Environmental impact statements, Imports, Radio, Reporting and recordkeeping requirements, Satellites, Telecommunications, Television, Wiretapping and electronic surveillance.

Accordingly, 47 CFR part 2 is corrected by making the following correcting amendment:

## PART 2—FREQUENCY ALLOCATIONS AND RADIO TREATY MATTERS; GENERAL RULES AND REGULATIONS

■ 1. The authority citation for part 2 continues to read as follows:

**Authority:** 47 U.S.C. 154, 302a, 303, and 336, unless otherwise noted.

■ 2. In § 2.106, in paragraph (c)(431), amend table 22 by removing the entry ''Norfolk * (includes Fort Story SESEF range)'' and adding in its place the entry ''Newport News-Norfolk * (includes Fort Story SESEF range)'' to read as follows:

### § 2.106  Table of Frequency Allocations.

* * * * *

(c) * * *

(431) * * *

---

[3] Upon the conclusion of the separate supplemental rulemaking, the Good Neighbor Plan may also apply in up to five additional States. *See* 89 FR 12666 (Feb. 24, 2024).

# CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2024, the foregoing PETITION FOR REVIEW and Rule 26.1 Disclosure Statement of Petitioner United States Steel Corporation were served by certified mail, return receipt requested, on each of the following:

>Michael S. Regan
>EPA Administrator
>Office of the Administrator (1101A)
>United States Environmental Protection Agency
>William Jefferson Clinton Federal Building
>1200 Pennsylvania Ave, N.W.
>Washington, D.C. 20460
>
>Merrick Garland
>Attorney General
>United States Department of Justice
>Robert F. Kennedy Building
>950 Pennsylvania Ave, N.W.
>Washington, D.C. 20530
>
>Correspondence Control Unit
>Office of General Counsel (2311)
>United States Environmental Protection Agency
>William Jefferson Clinton Federal Building
>1200 Pennsylvania Avenue, N.W.
>Washington, D.C. 20460

>*/s/John D. Lazzaretti*
>John D. Lazzaretti
>
>*Counsel for Petitioner United States Steel Corporation*