ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| U.S. STEEL CORPORATION,<br><br>*Petitioner*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.,<br><br>*Respondents*. | Case No. 24-1172 and the consolidated case |

## RESPONDENTS' MOTION TO HOLD CONSOLIDATED CASES IN ABEYANCE

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin[1] (collectively "EPA") respectfully move the Court to hold this matter in abeyance for 60 days to allow new Agency leadership to review the Rule underlying the challenged denials of reconsideration. Counsel for EPA consulted with counsel for Petitioners and Respondent-Intervenors and was informed that:

– Petitioners U.S. Steel and Hybar do not oppose this motion;

---

[1] Administrator Lee Zeldin is substituted for former Administrator Michael S. Regan pursuant to Federal Rule of Appellate Procedure 43(c)(2).

1

- State and Local Government Respondent-Intervenors oppose this motion and will file a response;
- Public Interest Respondent-Intervenors oppose this motion and reserve the right to file a response.

In support of its request, EPA states the following:

1. Petitioners in the above-captioned consolidated cases challenge EPA's "Partial Denial of Petitions for Reconsideration: Federal 'Good Neighbor Plan' for the 2015 Ozone National Ambient Air Quality Standards," 89 Fed. Reg. 23526 (Apr. 4, 2024).[2]

2. The Good Neighbor Plan implements the Clean Air Act's Good Neighbor provision, 42 U.S.C. § 7410(a)(2)(D)(i)(I), which ensures that sources in upwind States whose pollution is affecting air quality in downwind States do their fair share to reduce that pollution. As promulgated, the Good Neighbor Plan covered emission sources in 23 States. However, following litigation in regional Circuits over EPA's predicate Disapproval Action,[3] implementation of the Good Neighbor Plan was initially stayed as to 12 States and was subsequently stayed as

---

[2] The "Good Neighbor Plan" (or "Rule") is published at 88 Fed. Reg. 36654 (June 5, 2023).

[3] Air Plan Disapprovals; Interstate Transport of Air Pollution for the 2015 8-Hour Ozone National Ambient Air Quality Standards, 88 Fed. Reg. 9336 (Feb. 13, 2023) ("Disapproval Action").

2

to all remaining States following the Supreme Court's decision in *Ohio v. EPA*, 603 U.S. 279 (2024). *See* 88 Fed. Reg. 49295 (July 31, 2023); 88 Fed. Reg. 67102 (Sept. 29, 2023); 89 Fed. Reg. 87960 (Nov. 6, 2024).

3. In August 2023, several parties filed petitions with EPA seeking administrative reconsideration of the Rule. These petitions alleged, *inter alia*, that (1) the Rule hinges on the inclusion of all 23 States, such that the stays of the Disapproval Action as to several States likely required that the Good Neighbor Plan be withdrawn as to all covered States; and (2) the Rule was unlawful because it included certain States that obtained judicial stays of the Disapproval Action. *See, e.g.*, U.S. Steel Pet., EPA-HQ-OAR-2021- 0668-1242 at 6-9, JA1750-1753 (Aug. 4, 2023); Hybar Pet., EPA-HQ-OAR-2021- 0668-1236 at 3, JA1890 (Aug. 4, 2023).

4. In March 2024, EPA partially denied the petitions for reconsideration, explaining (1) that the Good Neighbor Plan defines and implements Good Neighbor obligations on a State-by-State basis, and therefore the identity or number of States included at any given time does not impact the rationale for or operation of the Plan; and (2) that EPA promulgated the Plan on March 15, 2023, when it was signed and widely disseminated, and that EPA promptly complied with judicial stay orders but reasonably did not withdraw the promulgated Plan from Federal Register publication. *See* Enclosure, EPA-HQ-OAR-2021-0668-1255

at 10-11, 36-38, JA1931-32, 1957-59;[4] *see also* 89 Fed. Reg. 23526 (Apr. 4, 2024). Two petitions challenging the partial denial were filed on June 3, 2024. ECF 2057764, No. 24-1172; ECF 2057819, No. 24-1176.

5. As of November 25, 2024, this case was fully briefed. However, the Court ordered that oral argument is to be scheduled on the same day and before the same panel as *Utah v. EPA*, No. 23-1157. ECF 2067416. Supplemental briefing in *Utah v. EPA*, which deals with the Good Neighbor Plan itself, is ongoing and no oral argument date has been set. On February 6, 2025, EPA sought a 60-day abeyance of *Utah v. EPA*, and the consolidated cases to allow new Agency leadership to review the Good Neighbor Plan.

6. As the Court is aware, a new administration took office on January 20, 2025. New administration officials at EPA need time to familiarize themselves with the Good Neighbor Plan as well as numerous other EPA rulemakings during this same period. In particular, EPA needs time to brief new administration officials about the petitions for reconsideration as well as the underlying Rule to allow them to decide what action, if any, is necessary.

---

[4] This enclosure was transmitted to the relevant petitioners in late March. *See, e.g.*, Letter from Michael S. Regan, Administrator, U.S. EPA, to John D. Lazzaretti, Squire Patton Bogs (US), LLP (March 27, 2024), EPA-HQ-OAR-2021-0668-1254, *available at* regulations.gov.

7. To undertake its review of the petitions for reconsideration and the Good Neighbor Plan itself in an orderly and deliberate fashion, EPA requests that the Court abate proceedings in this matter for 60 days.

8. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Bledsoe v. Crowley*, 849 F.2d 639, 645 (D.C. Cir. 1988). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

9. Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) (recognizing that "regulatory agencies do not establish rules of conduct to last forever" and "an agency must be given able latitude to adapt their rules and policies to the demands of changing circumstances" (internal quotation marks omitted)); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that "[a] change in administration . . . is a perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

10. Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order, (ECF 1883880, 1882301),[5] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (ECF 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (ECF 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

11. Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay

---

[5] In this and the following citations, the first ECF No. refers to the Court's Order and the second ECF No. refers to EPA's motion for a stay or abeyance. The date refers to the Order entered by the Court.

[their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

12. Moreover, briefing is complete and the only remaining step in this case is to schedule oral argument, which will occur when *Utah v. EPA* is similarly ready for argument.

13. For these reasons, the Court should place this matter in abeyance for 60 days, with motions to govern due at the conclusion of that period.

Respectfully submitted,

LISA LYNNE RUSSELL
*Deputy Assistant Attorney General*

*Of Counsel:*
DANIEL SCHRAMM
KYLE DURCH
   Office of the General Counsel
   U.S. Environmental Protection Agency
   Washington, D.C.

 *s/ Zoe B. Palenik*
ZOE B. PALENIK
   Environmental Defense Section
   Environment and Natural Resources Division
   U.S. Department of Justice
   P.O. Box 7611
   Washington, D.C. 20044
   (202) 353-5625
   Zoe.Palenik@usdoj.gov

February 6, 2025

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,331 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: February 6, 2025

s/ *Zoe B. Palenik*
ZOE B. PALENIK

# CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2025, I filed the foregoing Respondents' Motion to Hold Consolidated Cases in Abeyance with the Court's CM/ECF system, which will cause a copy of this Motion to be electronically served on all counsel of record in these consolidated cases.

Dated: February 6, 2025

s/ *Zoe B. Palenik*
ZOE B. PALENIK